UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PURSUIT INVESTMENT MANAGEMENT, LLC
and PURSUIT CAPITAL MANAGEMENT
FUND I, L.P.,

<em>Plaintiffs</em>,

-against-

PHILIP CHAPMAN
ALPHA BETA CAPITAL PARTNERS L.P.,
CLARIDGE ASSOCIATES, LLC,
JAMISCOTT LLC, LESLIE SCHNEIDER,
LILLIAN SCHNEIDER, individually and as the
PERSONAL REPRESENTATIVE OF THE EXECUTOR OF
THE ESTATE OF LEONARD SCHNEIDER,
HARRIS O'BRIEN, ST. LAURENT AND CHAUDHRY
LLP, JONATHAN HARRIS, ANDREW ST. LAURENT,
and REED SMITH LLP,

15-cv-02754 (LLS)

<em>Defendants</em>.

## MEMORANDUM OF LAW IN SUPPORT OF THE SCHNEIDER'S MOTION TO TRANSFER THIS MATTER

Harris, O'Brien, St. Laurent & Chaudhry LLP
111 Broadway, Suite 1502
New York, New York 10006
 (212) 397-3370
*Attorneys for Defendants*
*Claridge Associates, LLC, Jamiscott LLC,*
*Leslie Schneider, and Lillian Schneider*
*individually and as the Personal Representative*
*for the Estate of Leonard Schneider*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ............................................................................................................. 1

PRELIMINARY STATEMENT ...................................................................................... 1

BACKGROUND ............................................................................................................. 2

    Alpha Beta v. Pursuit ............................................................................................... 2

    The Schneiders v. Pursuit ....................................................................................... 3

    The New York Action.............................................................................................. 3

    PCM Bankruptcy ..................................................................................................... 4

    The Current Litigation ............................................................................................ 6

ARGUMENT: REMOVAL OF THIS MATTER WAS PROPER AND TRANSFER
IS WARRANTED ........................................................................................................... 7

    Removal Was Proper ............................................................................................... 8

        This Matter is a Core Proceeding............................................................................ 8

        Should This Matter Be Deemed to Be a Non-Core Proceeding, the Court
        Should Exercise Its Discretion to Transfer .......................................................... 11

    Transfer is Warranted ........................................................................................... 13

CONCLUSION.............................................................................................................. 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*D.H. Blair & Co., Inc. v. Gottdiener,*
    462 F.3d 95 (2d Cir. 2006) ....................................................................... 14

*In re Cuyahoga Equip. Corp.,*
    980 F.2d 110 (2d Cir. 1992) ...................................................................... 11

*In re Iridium Operating LLC,*
    285 B.R. 822 (S.D.N.Y. 2002) ............................................................... 9, 13

*In re Pacor, Inc.,*
    743 F.2d 984 (3d Cir. 1984) ...................................................................... 11

*In re Petrie Retail, Inc.,*
    304 F.3d 223 (2d Cir. 2002) ........................................................................ 9

*In Re Pursuit Capital Management LLC,*
    Index No: 14-bk-10610 (Del. Bk. Ct.) ......................................................... 4

*Krys v. Sugrue,*
    2008 WL 4700920 (S.D.N.Y. 2008) ........................................................... 11

*Lead I JV, LP v. N. Fork Bank,*
    401 B.R. 571 (E.D.N.Y. 2009) ................................................................ 8, 11

*Lothian Cassidy LLC v. Ransom,*
    428 B.R. 555 (E.D.N.Y. 2010) ............................................................ passim

*Lothian Cassidy, LLC v. Lothian Exploration & Dev. II, L.P.,*
    487 B.R. 158 (S.D.N.Y. 2013) ..................................................................... 9

*Luan Investment S.E. v. Franklin 145 Corp.*, 304 F.3d 223 (2d Cir. 2002) ...................... 9

*McHale v. Citibank, N.A.,*
    No. 09–CV–6064, 2009 WL 2599749 (S.D.N.Y. Aug. 24, 2009) ............................... 14

*Pursuit Inv. Mgt. LLC v Alpha Beta Capital Partners, L.P.,*
    2015 N.Y. Slip Op. 03291 (N.Y.A.D. 1st Dep't, April 21, 2015) ................................ 4

*Pursuit Partners, LLC v. UBS AG,*
    08 CV 4013452 S (Conn. Super Ct. 2008) ..................................................... 12

*Pursuit Partners, LLC v. UBS AG*,
   D.N.X. 08-CV-4013452 S (Conn. Super. Ct.) ............................................................. 5

*Ret. Sys. of Ala. v. Merrill Lynch & Co.*,
   209 F.Supp.2d 1257 (M.D.Ala. 2002) ........................................................................ 7

*Tallo v. Gianopoulos*,
   321 B.R. 23 (E.D.N.Y. 2003) ...................................................................................... 7

*Winstar Holdings, LLC v. Blackstone Group L.P.*,
   2007 WL 4323003 (S.D.N.Y. 2007) .......................................................................... 9

**Statutes**

11 U.S.C. Chapter 7 ............................................................................................................ 4

28 U.S.C. § 1334 ................................................................................................................ 9

28 U.S.C. § 1334(a) ..................................................................................................... 9, 12

28 U.S.C. § 1334(b) ...................................................................................................... 7, 9

28 U.S.C. § 1404(a) ................................................................................................. 1, 7, 16

28 U.S.C. § 1412 ...................................................................................................... 1, 7, 16

28 U.S.C. § 1452(a) ................................................................................................... 7, 8, 9

28 U.S.C. § 1452(b) ............................................................................................................ 7

28 U.S.C. § 157(a) .............................................................................................................. 1

28 U.S.C. § 959(b ................................................................................................... 6, 12, 15

28 U.S.C. §157 (b)(2)(A) ................................................................................................... 9

28 U.S.C. §157 (b)(2)(E) ................................................................................................... 9

28 U.S.C. §157 (b)(2)(N) ................................................................................................... 9

28 U.S.C. §157 (b)(2)(O) ................................................................................................. 10

Title 11 of U.S.C. .......................................................................................................... 1, 9

## INTRODUCTION

Defendants Claridge Associates, LLC, Jamiscott, LLC, Leslie Schneider and Lillian Schneider, individually and as the Personal Representative for the Estate of Leonard Schneider (the "Schneiders"), respectfully submit this memorandum of law in support of the current motion to transfer this matter to United States District Court, District of Delaware to be referred to United States Bankruptcy Court, District of Delaware pursuant to that court's standing order.[1]

## PRELIMINARY STATEMENT

This matter is yet another chapter in a long fought battle between investors and creditors of a hedge fund and the insiders who control that hedge fund. Plaintiffs Pursuit Investment Management, LLC ("PIM") and Pursuit Capital Management Fund I, L.P. ("Pursuit Fund I") together with non-parties Pursuit Opportunity Fund I, L.P. ("POF") and Pursuit Capital Management, LLC ("PCM" or the "Debtor") (collectively "Pursuit") are, in their own words, a "unitary set of tightly integrated and enmeshed entities operating for a single purpose" and a "hedge fund with unitary operation of control." Those entities are, or in the case of the PCM, were, controlled by two individuals, Anthony Schepis and Frank Canelas (the "Insiders").

The Schneiders and co-defendant Alpha Beta Capital Partners, L.P. ("Alpha Beta") are investors and limited partners in Pursuit Fund I. As alleged in the Complaint, Philip Chapman is the principal of Alpha Beta. Reed Smith LLP is counsel for Alpha

---

[1] While and 28 U.S.C. §1412 and § 1404(a) discuss transfer from one district to another district or division pursuant to 28 U.S.C. § 157(a), under a standing order for the District of Delaware, any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 transferred to that district are referred to the bankruptcy judges for the District of Delaware. *See* Am. Standing Order of Reference, Feb. 29, 2012 (C.J. Sleet).

Beta, and Harris, O'Brien, St. Laurent & Chaudhry LLP ("HOSC"), Jonathan Harris, and Andrew St. Laurent are counsel for the Schneiders.

The lawsuit initiated by Pursuit against Chapman and the other defendants is a collateral attack on a proposed settlement between the Defendants and the Trustee for the Estate of Debtor, PCM, pending before the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Settlement Agreement"). Plaintiffs seek to enjoin the Defendants from obtaining assets that are being transferred as part of that settlement agreement and additionally seek to hold the Defendants liable for entering into that agreement, which Pursuit alleges violates the terms of a previous agreement between it and Alpha Beta.

Accordingly, this matter relates to and will have a direct impact on the administration of the Debtor's Estate. This matter has been properly removed to Federal Court and should be transferred to United States District Court, District of Delaware with instruction to refer the matter to United States Bankruptcy Court, District of Delaware.

## BACKGROUND

### *Alpha Beta v. Pursuit*

In 2010, Alpha Beta sued Pursuit and its principals Schepis and Canelas in New York State Court for fraud and breaches of fiduciary duty, primarily related to allegations that Pursuit falsified the valuation of securities in Pursuit Fund I and lied to Alpha Beta about its investment strategy and other matters in convincing Alpha Beta to invest funds.

The Complaint in that matter was not filed under seal and is a matter of public record. That matter resulted in a settlement between the parties (the "Confidential Settlement Agreement"). The current Complaint alleges that the Confidential Settlement

Agreement had a clause which included a provision wherein the parties and their respective counsel agreed "not to use or provide any information relating to any claim arising out of an investment in [Pursuit] to any other person in connection with the initiation of any lawsuit, claim, arbitration or action related to or concerning any investment in [Pursuit]." The Schneiders and HOSC were not parties to the Confidential Settlement Agreement.

*The Schneiders v. Pursuit*

In May 2012, HOSC, on behalf of the Schneiders, filed an arbitration complaint against the PCM. The arbitration resulted in an award in June 2013 to the Schneiders of approximately $2.7 million for PCM's breach of its fiduciary duty, looting, and self-dealing, as well as PCM's "failures and refusals to honor its own promises and th[e] Tribunal's orders." A second phase of the arbitration resulted in a further finding that PCM improperly misappropriated approximately $2.3 million in funds belonging to the Schneiders, thus, bringing the total owed by PCM for wrongful conduct to approximately $5 million.

Those awards were confirmed and converted to judgments against PCM in New York Supreme Court on March 21, 2014.

*The New York Action*

Subsequent to the initiation of the arbitration but prior to the issuance of these judgments, on July 18, 2013, Pursuit filed suit in New York Supreme Court alleging that the Schneiders and the HOSC tortiously interfered with the above quoted non-assistance clause of the Confidential Settlement Agreement (the "New York Action"). That suit

also alleges that Alpha Beta and Reed Smith breached the settlement agreement at issue when Reed Smith had discussions with HOSC.

The Complaint in the New York Action alleges that HOSC, on behalf of the Schneiders, obtained information from Alpha Beta, through conversations with Reed Smith, which led to the Schneiders' success at the arbitration and names HOSC and the Schneiders, as well as Alpha Beta and its counsel, as defendants.  After the trial court declined to dismiss the action against HOSC, HOSC appealed and the Appellate Division, First Department ruled on April 21, 2015 that the Complaint in the New York Action failed to state a claim for tortious interference with a contract and dismissed the Complaint as against HOSC. *Pursuit Inv. Mgt. LLC v Alpha Beta Capital Partners, L.P.*, 2015 N.Y. Slip Op. 03291 (N.Y.A.D. 1st Dep't, April 21, 2015).  The Schneiders have filed a motion to renew their previous motion to dismiss based on the First Department's April 21, 2015 ruling.  That motion is currently returnable on May 26, 2015.  However, as of this moment, the New York action is continuing as against all the named defendants except HOSC.

*PCM Bankruptcy*

Following the entry of the two judgments against it in March 2014, amounting to some $5 million, on April 7, 2014, PCM filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "Bankruptcy Matter").  *In Re Pursuit Capital Management LLC*, Index No: 14-bk-10610 (Del. Bk. Ct.).  The only assets listed on the Debtor's Bankruptcy Schedule B were: (1) the claims asserted in the New York Action; and (2) potential indemnification claims against Pursuit Fund I (the "Indemnification Claims").  Those assets were listed as having "unknown" value.

After arm's length negotiations with the Trustee, the Schneiders and Alpha Beta, and their respective counsel, entered into an agreement with the Trustee for the Estate of the Debtor to settle, transfer and assign the claims, rights, and interests belonging to the Debtor. *See* Declaration of Andrew St. Laurent ("St. Laurent Dec."), Exhibit A.

This includes a claim for fraudulent transfer against the Insiders for their transfer of $645,571.22 from the Debtor while the Debtor was engaged in arbitration with the Schneiders (the "Potential Avoidance Claim"); the Debtor's interest in the New York Action; other miscellaneous claims the Debtor may have against the Insiders and other Pursuit entities (the "Debtor Claims"); and any interest the Debtor may have is a separate ongoing litigation captioned *Pursuit Partners, LLC v. UBS AG*, D.N.X. 08-CV-4013452 S (Conn. Super. Ct.) (the "UBS Claim").

On March 2, 2015, the Trustee moved for an "Order Approving Agreement to Settle, Transfer and Assign Certain Claim, Rights and Interests." *See* St. Laurent Dec. Exhibit B. Thereafter, certain of the Pursuit entities and the Insiders challenged that Bankruptcy Settlement Agreement on the basis that the Trustee did not treat them fairly in deciding to enter into the Bankruptcy Settlement Agreement (the "Objections"). *See* St. Laurent Exhibit C.  Included therein, the current Plaintiffs alleged that:

> The Trustee, by executing the [Bankruptcy Settlement] Agreement with the [Schneiders], is inducing new breaches of the [Confidential Settlement Agreement] thereby exposing the Estate to substantial exposure as a result of his tortious interference with the [Confidential Settlement Agreement] – including inducing them to sign the [Bankruptcy Settlement] Agreement.

St. Laurent Dec. Ex. C, ¶ 18.  The Objections go on:

> It is important to note that the Trustee's acts of inducing the entry into the [Bankruptcy Settlement] Agreement, signing the Agreement and seeking its approval are each separate and distinct acts of tortious interference with

> the [Confidential Settlement Agreement] the damages for which only increase the longer the Agreement is not repudiated by the Trustee.
>
> ….
>
> Additionally, the [Schneiders] are precluded from entering into the [Bankruptcy Settlement] Agreement by the [Confidential Settlement Agreement].   28 U.S.C. 959(b) provides, in pertinent part, "a trustee…appointed in any cause pending in any court of the United States…shall manage and operate the property in his possession as such trustee…according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."   The provisions of the [Confidential Settlement Agreement] that preclude the [Schneiders] from executing the Agreement likewise preclude the Trustee from attempting to obtain this Court's approval of the Agreement.

St. Laurent Dec. Ex. C, ¶¶ 19 and 21

The Trustee's motion is set for a hearing on June 3, 2015.

### *The Current Litigation*

On or about March 25, 2015, PIM and Pursuit Fund I initiated the instant matter by filing the Complaint in the Supreme Court of the State of New York, County of New York, along with an order to show cause to seal the record.  *See* St. Laurent Dec. Exhibit D.  The instant suit is a collateral attack on the Bankruptcy Settlement Agreement as it alleges that the Defendants tortuously colluded in reaching that Bankruptcy Settlement Agreement.  Furthermore, Plaintiffs seek to deprive the Defendants of any "benefit of the bargain" by seeking damages that would undermine the benefit the Defendants might obtain from the Bankruptcy Settlement Agreement.  This includes an injunction that would prevent the Defendants from "interfer[ing] with the UBS litigation," although the UBS claim is one of the assets of the Estate.  In other words, the Plaintiffs here look to defeat, as a practical matter, the ability of the Defendants to benefit from the Bankruptcy Settlement Agreement currently under review in the Delaware Bankruptcy Court.

6

On April 9, 2015, HOSC and the Schneiders, along with the other defendants, removed this matter to this Court as pursuant to 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334(b) as this matter "arises in" the PCM Bankruptcy as this civil proceeding will affect the administration of the Debtor's Estate.  Transfer is now proper under 28 U.S.C. § 1412 and 28 U.S.C. § 1404(a).

## ARGUMENT

## REMOVAL OF THIS MATTER WAS PROPER AND TRANSFER IS WARRANTED

At the pre-motion conference, Plaintiffs requested the Court granted permission for them to cross-move to remand this matter to New York Supreme Court simultaneously with the instant motion to transfer.  "When presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it denies the motion to remand[;]" however, "because [28 U.S.C.] section 1452(b) permits remand "on any equitable ground, a court's remand  analysis will generally take into consideration the possibility that the case might be transferred for consolidation with a pending bankruptcy proceeding."  *Lothian Cassidy LLC v. Ransom*, 428 B.R. 555 (E.D.N.Y. 2010). Moreover, the Court may exercise its discretion to transfer the case and leave the question of remand to be decided by the transferee court: "[A] court may, after deciding the issue of jurisdiction, . . . exercise its discretion to transfer the case and permit the home bankruptcy court to decide the issue of remand. The latter approach has been described as a 'prudential doctrine in furtherance of the efficiency policies intrinsic in bankruptcy law.'" *Tallo v. Gianopoulos*, 321 B.R. 23, 28 (E.D.N.Y. 2003) (quoting *Ret. Sys. of Ala. v. Merrill Lynch & Co.*, 209 F.Supp.2d 1257, 1261 (M.D.Ala. 2002)).

Therefore, the Schneiders address the basis for removal of this action as well as the basis for transfer.

**Removal Was Proper**

This matter was properly removed pursuant to 28 U.S.C. § 1452(a). Pursuant to this statute, "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Section 1334, in turn, grants the federal district courts original jurisdiction over all cases "under title 11 of the United States Code," 28 U.S.C. § 1334(a), and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11," *id.* § 1334(b). Thus, under § 1334, district courts have subject matter jurisdiction when the proceedings are: (1) "under" title 11; (2) "arising under" title 11; (3) "arising in" a title 11 case; and (4) "related to" a title 11 case. *Id.* § 1334; s*ee Lead I JV, LP v. N. Fork Bank*, 401 B.R. 571, 578-79 (E.D.N.Y. 2009).

*This Matter is a Core Proceeding*

The first three categories are referred to as "core" proceedings. These proceedings are directly related to a bankruptcy court's central function and include matters concerning the administration of the estate; orders to turn over property of the estate; orders approving the sale of property; other proceedings affecting the liquidation of the assets of the estate. 28 U.S.C. §157 (b)(2)(A), (E), (N) & (O).

The Schneiders contend this matter falls under "arises in" jurisdiction as the matter involves the enforcement or construction of proposed bankruptcy court orders. *Lothian Casidy LLC v. Ransom*, 428 B.R. 555 (E.D.N.Y. 2010). "The Second Circuit has

construed the core jurisdiction of the bankruptcy courts 'as broadly as possible,' because wide bankruptcy jurisdiction is 'essential to the efficient administration of bankruptcy proceedings.'"   *Winstar Holdings, LLC v. Blackstone Group L.P.*, 2007 WL 4323003 (S.D.N.Y. 2007) (quoting *Luan Investment S.E. v. Franklin 145 Corp.* (*In re Petrie Retail, Inc.*), 304 F.3d 223, 229 (2d Cir. 2002)).   The *Winstar* Court notes that matters involving the enforcement or construction of a bankruptcy court order are considered to fall under "arising in" jurisdiction.   In addition, the *Winstar* Court held that even a garden-variety common-law claim can be considered "arising in" where it goes directly to the administration of the Estate.   *Winstar Holdings, LLC v. Blackstone Group L.P.*, 2007 WL 4323003, at *4-5.

In that case, the Second Circuit outlined the following factors in finding that a state common-law claim was one "arising in" the jurisdiction of the bankruptcy court: "1) the dispute was based on the rights established in a sale order issued by the bankruptcy court; 2) the dispute involved interpretation of the bankruptcy court's orders; and, 3) the dispute was already before the bankruptcy court as part of one of the party's claims against the estate." *Lothian Cassidy, LLC v. Lothian Exploration & Dev. II, L.P.*, 487 B.R. 158, 162 (S.D.N.Y. 2013), *reconsideration denied* (Feb. 21, 2013), *appeal dismissed* (Apr. 11, 2013), *reconsideration denied*, No. 12 CIV. 710 VM, 2015 WL 756667 (S.D.N.Y. Feb. 20, 2015) *citing In re Petrie Retail, Inc.,* 304 F.3d 223, 229–231 (2d Cir. 2002); *see also In re Iridium Operating LLC,* 285 B.R. 822, 830 (S.D.N.Y. 2002) ("A contract action, and similarly a non-personal injury tort action, may be a core proceeding").

Here the Complaint not only is based on rights sought to be obtained from a bankruptcy court order, but it explicitly seeks to prevent Defendants from obtaining any benefit from that order.  As Plaintiffs seek to enjoin the Defendants from obtaining the Debtor's interest in the UBS Claim, they are seeking to directly impact the Bankruptcy Court's ability to issue orders and accordingly the interpretation or enforceability of those orders.  Certainly if this matter is permitted to proceed in parallel with the Bankruptcy Matter, the sale of the Debtor's right in the UBS litigation will be a key factor in both matters, with the potential for directly contradictory holdings.

Furthermore, this dispute is already being litigated in the Bankruptcy Court as evidenced by the Plaintiff's Objections therein.  When one views the Complaint with the Plaintiffs' Objections in the Bankruptcy Matter in mind, it is clear that Plaintiffs intend to use any result in its favor in the instant matter to affect the Bankruptcy Matter.  The Objections set forth that:

> the [Schneiders] are precluded from entering into the [Bankruptcy Settlement] Agreement by the [Confidential Settlement Agreement].  28 U.S.C. 959(b) provides, in pertinent part, "a trustee…appointed in any cause pending in any court of the United States…shall manage and operate the property in his possession as such trustee…according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof."  The provisions of the [Confidential Settlement Agreement] that preclude the [Schneiders] from executing the Agreement likewise preclude the Trustee from attempting to obtain this Court's approval of the Agreement.

*See* St. Laurent Dec. Ex. C, ¶ 21. Accordingly, any finding in this matter related to breaches of the Confidential Settlement Agreement will be used by Plaintiffs to challenge the Bankruptcy Settlement Agreement under 28 U.S.C. § 959(b).

*Should This Matter Be Deemed to Be a Non-Core Proceeding, the Court Should Exercise Its Discretion to Transfer*

Should this Court find that this matter is not a core proceeding, the Court nonetheless has jurisdiction under "related to" jurisdiction.  The "related to" language of 28 U.S.C. § 1334(a) provides the broadest grant of jurisdiction as Court have found that an action is considered to "relate to" a bankruptcy proceeding if the outcome of the litigation "might have any conceivable effect on the bankruptcy estate," or has "any significant connection with the bankruptcy estate."  *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992).  The Third Circuit's opinion in *In re Pacor, Inc.*, 743 F.2d 984 (3d Cir. 1984), sets forth the standard for related to jurisdiction, which has been adopted by the Second Circuit.  *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110. The *In re Pacor, Inc.* court states:

> [T]he test for determining whether a civil proceeding is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.  Thus the proceeding need not necessarily be against the debtor or against the debtor's property.  An action is related to bankruptcy if the outcome could alter the debtor's right liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*Id.* at 994.

This test has been applied regularly by New York District Courts in upholding removal of civil actions that relate to bankruptcy proceedings.  *See Krys v. Sugrue,* 2008 WL 4700920 (S.D.N.Y. 2008)(denying remand of breach of contract claim relating to insiders of debtor's comingling of funds); *see also Lead I JV v. North Fork Bank*, 401 B.R. 571 (E.D.N.Y. 2009)(remanding main action but denying remand of third-party claim relating to debtor's asset); *Lothian Cassidy LLC v. Ransom*, 428 B.R. 555

(E.D.N.Y. 2010)(denying remand of matter related to claims against debtor's board members).

In the present matter, Plaintiffs seek a preliminary and permanent injunction regarding the Defendants ability to interject in the ongoing UBS litigation: "Plaintiffs respectfully request that the Court issue an Order . . . Restraining Defendants from . . . interference with the UBS Litigation". (Complaint at ¶ 100. A, St. Laurent Dec. Exh. D). As alleged in the Complaint (St. Laurent Dec. Ex. D):

> (8.) The Trustee Agreement also purports to assign an interest in the action captioned *Pursuit Partners, LLC v. UBS AG*, 08 CV 4013452 S (Conn. Super Ct. 2008)(defined as the UBS Claim")[;]

> (9.) The current owner of these alleged claims is the bankruptcy estate of Pursuit Capital Management, LLC, the former general partner of the PCM Fund[;]

> (60.) The Trustee Agreement is just more of the same [attempt to interfere with the UBS litigation] from the Harris Firm Defendants and the Schneiders.  See Ex. A at 3 (defining "UBS Claim" as a reason Defendants want to step into the Debtor's shoes)[;]

> (69.) For the purposes of this case, however, the Trustee Agreement is on its face a blatant breach of Section 7 of the [Confidentiality Agreement].

> (70.) The very purpose of the Trustee Agreement is to identify and prosecute "rights, claims and causes of action" against or concerning [Plaintiffs here]."

> (77.) Plaintiffs have been and continue to be damages [sic], including but not limited to damages resulting from costs of defending against Defendants' improper attempts to acquire the claims of [the Debtor in the Delaware Bankruptcy]."

By seeking to enjoin the Defendants from interfering with the UBS litigation, Plaintiffs are seeking to prevent Defendants from receiving assets of the Bankruptcy Estate that Defendants have offered valuable consideration for.  Should a court find that such an injunction was appropriate, any attempt to further the claims purchased from the

Debtor's Estate would amount to a violation of that injunctive order, with the result of eliminating any interest the legitimate creditors of the Debtor's Estate would have in the UBS Claim asset, thereby altering what assets are available to creditors of the Estate.

Furthermore, Plaintiffs have alleged that the Bankruptcy Settlement Agreement is the product of wrongful collusion and that by entering into the Bankruptcy Settlement Agreement and seeking Court approval of same, the Trustee has violated 28 U.S.C. § 959(b).  As such, it is conceivable that Plaintiffs will attempt to use legal or factual finding in this matter to bring additional claims against the Trustee and potentially look to unwind the Bankruptcy Settlement Agreement based thereon.  Certainly, if the Bankruptcy Agreement is the result of a tort or was otherwise unlawfully obtained, the Court should exercise its discretion to allow the Bankruptcy Court to address this claim as part of the objections to the Trustee's motion rather than permit Plaintiffs to collaterally attack the Bankruptcy Settlement Agreement even before it is approved by the bankruptcy court.

For these reasons, removal of this action was proper as the Court holds jurisdiction over the claims within even if the Court were to find the instant matter not to constitute a "core proceeding".

**<u>Transfer is Warranted</u>**

"The Second Circuit has held that the district in which the underlying bankruptcy case is pending is presumed to be the appropriate district for hearing and determination of a proceeding in bankruptcy." *Lothian Cassidy LLC v. Ransom*, 428 B.R. 555, 561 (E.D.N.Y. 2010) *quoting In re Iridium Operating LLC,* 285 B.R. 822, 836 (S.D.N.Y. 2002) (internal quotations marks and citations omitted). Nonetheless, while "[t]he

decision to transfer venue is within the discretion of the court based on an individualized, case-by-case consideration of convenience and fairness ..., the party seeking venue transfer bears the significant burden of making a clear and convincing showing that a matter should be transferred." *Lothian Cassidy LLC v. Ransom*, 428 B.R. 555, 561 (E.D.N.Y. 2010) *quoting McHale v. Citibank, N.A.,* No. 09–CV–6064, 2009 WL 2599749, at *5 (S.D.N.Y. Aug. 24, 2009).

"Transfers of core bankruptcy proceedings are analyzed under 28 U.S.C. § 1412, but still apply analytical factors considered under § 1404(a), the general transfer provision, which includes an assessment of various, and potentially competing, factors, covering: '(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties.'" *Lothian Cassidy LLC v. Ransom*, 428 B.R. 555, 561 (E.D.N.Y. 2010) (quoting *D.H. Blair & Co., Inc. v. Gottdiener,* 462 F.3d 95, 106–07 (2d Cir. 2006)).

As such, this Court's determination of whether this is a core or non-core proceeding does not affect its transfer analysis.  Here, all of the parties (with the exception of Philip Chapman (Alpha Beta's principal) and Andrew St. Laurent (an individually named HOSC attorney)) and their counsels (with the exception of HOSC's defense counsel Furman, Kornfeld & Brennan, LLP) have already appeared in the Delaware Bankruptcy.  Plaintiff PIM is a Delaware limited liability company with its principal place of business in Connecticut.  Plaintiff Pursuit Fund I is a Delaware limited liability partnership with its principle place of business in Connecticut.  *See* St. Laurent

Dec. Ex. D, 21-22.   Despite Plaintiffs' having two separate firms retained in the Bankruptcy matter, Plaintiff's counsel Peter Cane, Esq. has already been admitted *pro hac vice* before the Delaware Bankruptcy Court, thus demonstrating it is not inconvenient for him to appear before that Court.   In fact, every party, other than the individual Schneider defendants and their counsel, who are making the current motion, have significantly more ties to Delaware than New York.  *See* St. Laurent Dec. Ex. D, 21-31.

The action concerns conduct in the Delaware Bankruptcy including communications related to the formation of the Bankruptcy Settlement Agreement.  As such, witnesses would include the Trustee and the Trustee's counsel both of who are located in Delaware.   Those necessary witnesses would otherwise be outside the jurisdiction of this Court to compel their appearances.  Furthermore, as the UBS litigation is located in Connecticut, there is no compelling reason to favor New York over Delaware based on the location of that matter.

In sum, and as would be expected given that the cause of action here arises entirely from actions in the Delaware Bankruptcy Proceedings, the factors ordinarily applicable to a transfer motion overwhelmingly favor the granting of this motion.

In the event, the Court grants the motion to transfer, the Schneiders intend to seek the Delaware Bankruptcy Court's guidance on whether to seek to consolidate this matter with the Bankruptcy Matter or otherwise have them treated as related cases; transfer will further advance judicial economy and eliminate the chance of inconsistent determinations.

## CONCLUSION

WHEREFORE, the Schneiders respectfully request that this matter be transferred to Delaware District Court, with the recommendation that it be referred to Delaware Bankruptcy Court along with further relief the Court deems just and proper.

Dated: New York, New York
      May 22, 2015

/s/
_____
HARRIS, O'BRIEN, ST. LAURENT
& CHAUDHRY LLP
Andrew St. Laurent
Evan W. Bolla
111 Broadway, Suite 1502
New York, New York 10006
(212) 397-3370
*Attorneys for the Schneiders*

To:    CANE & ASSOCIATES LLP
Peter S. Cane
200 Park Avenue, 17th Floor
New York, NY 10166
*Attorneys for Plaintiffs*

STORCH AMINI & MUNVES PC
Edward P. Dolido
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, NY 10017
*Attorneys for Defendants*
*Alpha Beta Capital Partners, L.P. &*
*Philip Chapman*

SCHULTE ROTH & ZABEL LLP
Robert M. Abrahams
Matthew J. Moses
919 Third Avenue
New York, NY 10022
*Attorneys for Defendant Reed Smith LLP*

FURMAN KORNFELD & BRENNAN LLP

16

Stephanie Singer
61 Broadway, 26th Floor
New York, NY 10006
*Attorneys for Defendant Harris,*
*O'Brien, St Laurent & Chaudhry LLP,*
*Andrew St. Laurent & Jonathan Harris*